213 P.2d 378

**SHAW v. SALT RIVER VALLEY WATER
USERS ASS'N et al.**

No. 5180.

Supreme Court of Arizona.

Jan. 3, 1950.

Terrence A. Carson, of Phoenix, Attorney for Petitioner.

H. S. McCluskey, of Phoenix, Robert E. Yount and Donald J. Morgan, Phoenix, of Counsel, Attorneys for Respondents.

PHELPS, Justice.

The petitioner, James A. Shaw, was employed by the Salt River Valley Water Users Association (hereinafter called the

Water Users), in its power plant in January, 1947, and on the 24th day of that month, as a result of a short circuit of an 11,000 volt electric current causing an explosion, he sustained an injury arising out of and in the course of his employment.

Petitioner received severe burns to the left arm and first and second degree and possibly third degree burns to the back of the hand. He also received first and second degree burns to the face and first degree of the lids of both eyes and of the left cornea. At the time of the explosion petitioner was temporarily blinded and in attempting to get out of danger came in contact with a battery box which stood about three and a half feet high, the box striking him in the left chest or side, causing a contusion of the left chest wall. Petitioner was taken to a local hospital where he remained approximately eleven days and was attended by Dr. H. B. Gudgel, physician for the Water Users.

Dr. Gudgel called in Dr. Virgil A. Toland who specializes in injuries and diseases of the eyes. Dr. Toland treated petitioner for injuries to his eyes and on April 2, 1947, he reported to respondent Industrial Commission (hereinafter called the commission) that petitioner's eyes had responded nicely to treatment and were well healed, that there was no permanent injury to the eyes as a result of the accident and that petitioner was ready for discharge. He reported that petitioner had a defective vision due to advance age (the petitioner being forty-eight years old at the time) but that such defect in nowise resulted from the burns suffered. This finding was supported by a consultation board consisting of Dr. B. L. Melton, Dr. Paul H. Case and Dr. Virgil A. Toland, such board being appointed at the request of Dr. Toland. Both Drs. Milton and Case are eye specialists.

The burns on the hands and face healed and petitioner recovered entirely therefrom except for superficial scarring which is not disfiguring.

Petitioner has at all times since said accident and injury complained more or less of soreness in the left chest and of continuous pains in that area. On one occasion while yawning and stretching in the early morning the pain became so intense that he "blacked out." X-ray examinations revealed no fracture of any bony structure in the area as a result of the injury.

At the request of the petitioner Dr. George A. Williamson was called in to consult with Dr. Gudgen and Dr. James R. Moore, medical referee for the commission. Based upon personal examination of petitioner and medical and X-ray reports these gentlemen made their report to the commission on June 9, 1948, in which they stated that the condition of petitioner was stationary; that he had entirely recovered from the burns except for superficial scarring which was not disfiguring; that the discomfort in the chest wall was

probably due to some deep fibrosis and was not disabling, but that petitioner had sustained a partial permanent disability equivalent to a 10% functional loss of the left arm.

On June 29, 1948, the commission made its findings and award finding that petitioner sustained personal injury on January 24, 1947, arising out of and in the course of his employment by the Water Users and awarded him accident benefits and compensation for temporary disability through April 28, 1947, and an additional sum of $108 per month for a period of five months for permanent partial disability equal to 10% loss of function of the left (minor) arm.

Petitioner duly filed a petition for rehearing which was granted and on September 20, 1948, a hearing was had before the commission at which additional testimony was received including the testimony of Dr. A. I. Ramenofsky, personal physician of petitioner who substantially confirmed the views of all the other medical experts and especially to the effect that there did not exist at that time any disability as a result of the injury received January 24, 1947.

On October 19, 1948, the commission made its decision, findings and award on rehearing affirming its previous award of June 29, 1948. The matter is now before us for review on certiorari.

Petitioner's first assignment of error is based on the proposition that the Workmen's Compensation Act, A.C.A.1939, § 56-901 et seq., is unconstitutional as violative of the due process clause of the 14th amendment of the constitution of the United States. The exact question here presented was before us in the case of Ison v. Western Vegetable Distributors et al., 48 Ariz. 104, 59 P.2d 649. The court in that case fully considered this question, reaching a contrary conclusion to that for which petitioner here contends. We fully approve the reasons therein stated in upholding the constitutionality of the law. Further discussion of the subject here would serve no useful purpose.

Petitioner next asserts that the findings and award of the commission is not supported by the evidence and is contrary to the evidence.

It must be remembered that compensation to an injured employee under the provisions of the Workmen's Compensation Act is based on the average monthly wage of the injured employee in the employment in which he is working at the time of the accident. Steward v. Industrial Commission, Ariz., 211 P.2d 217. Only injuries which produce financial loss to the injured party entitle him to compensation, Ison v. Western Vegetable Distributors, supra, and compensation must be determined by the extent of the disablement caused by the injury. Phelps Dodge Corporation v. Industrial Commission et al., 46 Ariz. 162, 49 P.2d 391. There is no provision in the act which allows compensation

for pain and suffering. Therefore pain and suffering which do not lessen the employee's ability to earn wages is not compensable. Phelps Dodge Corporation v. Industrial Commission, supra. All the evidence in this case is to the effect that the petitioner returned to his regular employment with the Water Users on April 29, 1947, and has since been continuously employed at a wage of $8.80 per day which was 80 cents per day more than he was receiving at the date of injury. The commission therefore could not, under the law, extend his compensation beyond the date petitioner returned to work.

It is next claimed that the finding of the commission of a 10% functional disability to petitioner's left (minor) arm was not based upon adequate evidence to support it. We agree with petitioner that the medical experts examining him admitted on the witness stand that their finding of 10% functional disability was more or less arbitrary; that there was in fact no objective findings of any functional disability other than as stated by Dr. Moore, "a difference in the symmetry of the size of the extremities (of petitioner's right and left arms) which could reasonably be attributed to the injury." They all stated that this percentage of functional disability was based largely upon the complaint of petitioner that he suffered pain in the area of the shoulder and left chest.

The record discloses that the commission in adopting the findings of the examining medical board (appointed as a result of petitioner's dissatisfaction with Dr. Gudgel) resolved every reasonable doubt in favor of petitioner and in arriving at the amount allowed petitioner for such functional disability, strictly followed the provision of section 56-957 (b), subsections 13 and 21. Petitioner therefore has no legitimate basis for complaint.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.