348 P.2d 922

Clifford Bryan WHITE, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA and Bert A. Gibbs, Douglas Maintenance Company, Respondents.

No. 6819.

Supreme Court of Arizona.

Feb. 3, 1960.

Ira Schneier, Tucson, for petitioner.

Robert K. Park, Phoenix, for respondent Industrial Commission of Arizona.

John R. Franks, Donald J. Morgan, James D. Lester, Frances M. Long and Edward E. Davis, Phoenix, of counsel.

BERNSTEIN, Justice.

In this certiorari proceeding petitioner seeks to set aside an award of the Industrial Commission of Arizona (hereinafter called the "Commission") denying him compensation, under subdivisions C and D of A.R.S. § 23–1044, for permanent partial disability resulting from injuries sustained in a 1954 industrial accident. A prior award of the Commission denying petitioner permanent compensation for these same injuries was before this Court in White v. Industrial Commission, 82 Ariz. 120, 309 P.2d 250. We set aside that award because there was no substantial evidence in the record to support the findings of the Commission that petitioner was capable of performing duties of a lighter nature within his job classification of journey-man lineman and that, as a result, he had suffered no loss of earning capacity.

Following that decision the Commission held two further hearings on the basis of which it found that petitioner had been employed since August 1, 1957 as a process server in the Civil Division of the Pima County Sheriff's office; that the starting salary of such position in October 1954, the date petitioner sustained his injuries, was $310 per month (as compared with petitioner's pre-injury average monthly wage of $213.52); that petitioner is physically able and mentally qualified to perform the regular full-time duties of such position without restriction or special consideration; and that, as petitioner suffered no loss of earning capacity, he was not entitled to an award for unscheduled permanent partial disability. Petitioner assigns as error that the findings of the Commission are not based upon reasonable or substantial evidence and that the Commission, in determining future earning capacity, refused to consider evidence showing what petitioner could earn in a competitive labor market.

We have fully reviewed the record herein and hold that the findings of the Commission are supported by competent evidence. See e. g.: Damiani v. Industrial Commission, 86 Ariz. 269, 344 P.2d 1020; Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699.

The evidence in this proceeding is significantly different from the record pre-

viously before this Court in that since the date of the earlier proceeding, petitioner, secured his employment as civil deputy sheriff process server and, at the time of the last hearing, was earning $335 per month, or more than $120 per month in excess of his pre-injury wages. It is clear that such wages, though earned in a position unrelated to his prior occupation, may properly be considered by the Commission, together with the other relevant factors, in determining petitioner's earning capacity. See Hoffman v. Brophy, 61 Ariz. 307, 314, 149 P.2d 160; Savich v. Industrial Commission, 39 Ariz. 266, 270, 5 P.2d 779; 2 Larson, Workmen's Compensation § 57.22.

The record supports the Commission's finding that petitioner was fully able to perform the duties of his new position and that his earnings therefrom were a proper basis for determining his earning capacity after the accident. Such conflict as may exist in the record, relating especially to petitioner's alleged discomfort and pain in performing his duties, is within the range of Commission discretion and is not a sufficient basis for setting aside the award. As was stated in Shaw v. Salt River Valley Water Users Association, 69 Ariz. 309, 311–312, 213 P.2d 378, 380:

"There is no provision in the act which allows compensation for pain and suffering. Therefore pain and suffering which do not lessen the employee's ability to earn wages is not compensable."

See also Phelps Dodge Corp. v. Industrial Commission, 46 Ariz. 162, 167, 49 P.2d 391.

Petitioner's contention that the Commission erred in refusing to consider evidence of his earning capacity in a competitive labor market finds no warrant in the record. The assertion that his position with the Sheriff's office was temporary and, therefore, should be disregarded is likewise untenable. Petitioner is, apparently, in no different position, except, perhaps, in terms of length of service, from that of his co-workers, all of whom are employees at will without civil service or other tenure. The inconclusive testimony of lesser earnings of one private process server does not compel a different conclusion.

We have reviewed the record in the light of our recent decision in Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710, and we conclude that the Commission gave due consideration, as set forth in its findings, to the factors specified in subdivision D of A.R.S. § 23–1044.

The award is affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and JOHNSON, JJ., concur.