434 P.2d 643

J. L. MANESS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Bever Construction Company, Respondents.

No. 9007–PR.

Supreme Court of Arizona,
In Banc.

Dec. 13, 1967.

Gibbons, Kinney, Tipton & Warner, by Jack C. Warner, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent The Industrial Commission.

LOCKWOOD, Justice:

J. L. Maness, while employed as a journeyman carpenter, suffered an industrial accident when he fell backward over a roof onto a concrete curbing. He sustained injuries to his skull, spine, left wrist, left ring finger, ribs, and his right foot. Maness was awarded an unscheduled permanent disability as a result of the industrial injury, and returned to work. Approximately two years later, Maness asked the Industrial Commission to declare a loss of earning capacity and that a subsequent ulcer was related to the industrial accident. The Commission found as a result of the accident, that Maness suffered a partial loss of function of the left arm, and damage to both ears which resulted in a partial hearing loss and loss of equilibrium, and that these combined disabilities constituted a general physical function disability. However, the Commission also found that the applicant had returned to work of a similar nature to that which he was performing at the time of his injury, and that his average monthly wage at the time of the hearing was equal to or exceeded his average monthly wage at the time of the injury, and concluded from the evidence that Maness had in fact suffered no loss of earning capacity. Further, the Commission found that the evidence did not justify a finding that Maness' ulcer is causally related to the accident.

The Court of Appeals agreed with the Commission as to the ulcer, but disagreed with the Commission as to the alleged lost earning capacity. The Court felt that the evidence did not reasonably support the finding made by the Commission in that Maness was precluded from doing heavy work, had to work on the ground level due to his loss of equilibrium, had difficulty in hearing the telephone which was a handicap to him on the job because he was a foreman and had the duty to answer the telephone, had difficulty in handling some of the material due to the disability in his arm, and had difficulty in managing the "simple acts of driving nails as easily as before because he had difficulty in holding them with his disabled left arm". Further, Maness required a helper whenever he hung a door, and Maness suffered a general overall fatigue due to compensation that his body had to peform to make up for the functional disability, which precluded Maness from working overtime.

■ Maness presented no medical evidence in support of his theory regarding the ulcer. As the ulcerative condition is not a physical condition which would be clearly apparent to a layman as being related to the industrial accident, Maness' claim must fall as it was not supported by expert medical testimony. Lowry v. Industrial Commission, 92 Ariz. 222, 224, 375 P.2d 572, 573 (1962).

As to the issue of whether Maness had suffered a loss of earning capacity as a result of the industrial accident, we must affirm the finding of the Industrial Commission and vacate the decision of the Court of Appeals. In Shroyer v. Industrial Commission, 99 Ariz. 266, 408 P.2d 406 (1965), we pointed out that "earning capacity" of a disabled man is determined as of the time of the hearing and by considering petitioner's average earnings along with all other evidence pertaining to obtaining and holding employment similar to that in which the disabled person was doing before the injury. See also A.R.S. § 23–1044, subsec. D (1956).

■ At the time of the hearing, Maness was working, he was able to do the work satisfactorily, the work was available, and he was earning the union scale for doing work similar to that which he did prior to his injury. At the time of the hearing, Maness' average monthly wage was higher than it was before the injury. Since the injury, his wages have ranged from $4.43½ per hour to $4.62 per hour; prior to the injury, his wages ranged from $4.10 to $4.50 per hour. There was no evidence presented that his union scale wage after the injury was the result of raises in the union scale. Further, Maness had worked for several employers since the accident. Evidence indicates his wage was not motivated

by sympathy. Post injury earnings may raise a presumption of at least commensurate earning capacity. Allen v. Industrial Commission, 87 Ariz. 56, 65, 347 P.2d 710, 716 (1959).

The Commission found that Maness has some permanent disabilities and that he has some difficulties in performing his work and may suffer some pain in his labors. Nevertheless, the Commission found that these permanent disabilities were not of the nature nor severe enough to have reduced his earning capacity at the time of the hearing. The purpose of the Workmen's Compensation legislation was *not* to compensate for difficulty and pain, but to compensate for *lost earning capacity*. See White v. Industrial Commission, 87 Ariz. 154, 348 P.2d 922 (1960). When an injured person returns to essentially the same nature of work he was doing before the injury, has steady employment, earns more money for his labors, and has at least one employer who is not aware of his disabilities, he cannot reasonably claim his earning capacity is diminished. White v. Industrial Commission, supra.

Sometime in the future, if conditions which affect his earning power should change and result in a decrease in earning capacity due to the effect of the injury, then of course he could seek a reopening of his case for a new award. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964). The Commission specifically reserved jurisdiction in its award to cover these contingencies. The Commission's finding is reasonably supported by the evidence, and is conclusive upon the Court. Powell v. Industrial Commission, 102 Ariz. 11, 423 P.2d 348, 351 (1967).

The award of the Commission is affirmed and the decision of the Court of Appeals is vacated.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.