484 P.2d 1064

**Licurgus S. MAHAN, Jr., Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Tucson, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 553.**

Court of Appeals of Arizona,
Division 1,
Department B.
May 24, 1971.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent carrier, State Compensation Fund.

HAIRE, Judge.

The sole question presented on review is whether there was reasonable evidence to support the finding of the Industrial Commission that petitioner has no permanent disability attributable to his industrial accident.

Petitioner sustained an industrially related back sprain while performing his duties as a fireman with the Tucson Fire Department. A subsequent physical examination disclosed the presence of a congenital anomaly (a structural variation in the way petitioner's low back was constructed at birth), which petitioner's sprain had aggravated. During the hearings before the Commission, the controversy centered on the issue of whether the industrially caused aggravation had ceased, or resulted, as petitioner contended, in a permanent disability. On May 16, 1969, the Industrial Commission entered an award for temporary disability, which was affirmed in Decision Upon Rehearing and Findings and Award for Temporary Disability, dated August 21, 1970, resolving the issue of permanent disability against petitioner.

Petitioner's contention on review is that the Commission was required to find permanent disability based on his claim of continuing subjective symptoms, although the medical testimony before the Commission was uncontradicted that petitioner no longer suffered from any objective residuals attributable to his back sprain. Where subjective complaints are consistent with medical history, and the evidence does not cast doubt upon petitioner's credibility as to the existence of the claimed subjective symptoms, the absence of objective medical findings will not necessarily require a finding of no permanent disability. Newman v. Industrial Commission, 14 Ariz.App. 154, 481 P.2d 524 (1971); Sims v. Industrial Commission, 10 Ariz.App. 574, 460 P.2d 1003 (1969), Supplemental Opinion, 11 Ariz. App. 385, 464 P.2d 972 (1970). Petitioner contends his subjective complaints were consistent with the medical findings, and fit a recognized symptom complex described in the testimony given by Dr. Paul DeVries as Bertolotti's syndrome. In advancing this argument, petitioner fails to consider that the Commission may have accepted as genuine his claimed subjective complaints, but under the testimony present in the record attributed them to the recurrent problems implicit in the underlying congenital anomaly, rather than to the continuing effects of the industrially related sprain. The record reflects that petitioner has had a history of non-industrial recurrent backaches, and according to the Physicians Initial Report filed with the Commission by petitioner's then treating physician, Dr. B. T. Edwards, petitioner's backache "represents a recurrent aggravation of a congenitally abnormal back which is likely to cause difficulty in the future." In another part of the same report, Dr. Edwards expressed his opinion that petitioner would be likely to sustain a permanent defect or impairment, *"but not as a result of this injury"* (emphasis supplied).

A thorough review of the entire record discloses only speculation and conjecture on the subject of whether petitioner's claimed continuing subjective symptoms are referable to the industrial sprain's aggravation of his congenital anomaly, and in light of this record, we must conclude that petitioner failed to sustain his burden of proof before the Commission.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.