486 P.2d 793

**MIDLAND–ROSS CORPORATION,**
**Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, and Leonard Fimbres,**
**Respondents.**

**No. 10268–PR.**

Supreme Court of Arizona,
In Banc.

July 15, 1971.

John S. Schaper, Phoenix for petitioner.

Meadow, Thrasher & Zalut, Phoenix, for respondent Fimbres.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission.

**STRUCKMEYER, Chief Justice.**

This case is before us on a petition to review a decision of the Court of Appeals, 13 Ariz.App. 237, 475 P.2d 527. Opinion of the Court of Appeals vacated; award of the Industrial Commission affirmed.

An employee of the Midland-Ross Corporation, Leonard Fimbres, suffered a compensable injury on December 2, 1965.

Later he underwent surgery for a spinal fusion and the removal of a herniated disc. After his condition stabilized, the Commission found that he had a 10% physical functional disability, and ordered him to try to find and keep a job. He returned to his former job as a production welder at his former wage, and performed his duties satisfactorily for several months. During that time he endured a great deal of pain, and a fellow worker did much of the lifting for him. But when he attempted to lift a casting on which he was working, he became totally disabled again for a short period of time.

A hearing was held by the Commission for the purpose of making "inquiry concerning applicant's earning capacity as affected, if any, by his accepted industrial injury of December 2, 1965." Due notice was given to the self-insured employer, whose counsel attended the hearing and subjected the employee and each of his witnesses to vigorous cross-examination.

The doctor testified that lifting castings weighing from 15 to 50 pounds, and repeated bending to pick them up from the floor, made the job unsuitable and improper in view of the operation the employee had undergone. He suggested lighter work or an assistant to do the lifting. He also thought that the problem might be solved by vocational rehabilitation of the employee so that he could qualify for work that required no lifting or bending. Claimant, acting under his doctor's advice, had enrolled in a TV repair course at Maricopa Technical College prior to the hearing. While attending school there, he did part-time bartending on weekends, and drove a light delivery truck for an electronic parts distributor.

At the hearing, the employer, although fully advised of its purpose, introduced no evidence regarding possible jobs available to the employee. At the conclusion of the hearing, when the referee announced that the case would be considered submitted, the employer still offered no evidence of job opportunities, and did not ask for addition-

al time to submit evidence contradicting Fimbres' testimony.

This last hearing was held on August 20, 1969. The Commission made its findings and award on September 26, 1969, which were that the employee had a 52.8% loss of earnings and that he should receive $185.40 per month compensation until further order of the Commission. The award also ordered the employer to pay the back compensation due, but unpaid, since September, 1967.

The employer filed a Petition for Hearing on the grounds that the employee was able to earn more than the earnings used by the Commission to determine loss of earning power because he had not actively sought full-time employment in the open labor market, and that evidence should be introduced regarding the actual earning power of the employee. Meanwhile, both parties agreed on a lump sum settlement of $6,500. This was acceptable to the employer, since it was much less than the award. The Commission, however, refused to sanction the settlement.

In response to the employer's Petition for Hearing, the referee wrote to counsel on January 14, 1970, as follows:

"It is not my desire to foreclose the presentation of further evidence if justified under all of the circumstances. However, I do not feel that it would be fair to applicant to prolong final action if further hearing would result only in rehashing matters already brought out in evidence. * * * I would appreciate your advising me of the witnesses you wish to subpoena indicating what they will testify to, in order that I may decide course of action that would be appropriate. * * * Since it appears that applicant is capable of doing light welding work, perhaps counsel might ascertain what a reasonable wage would be in this employment with limited bending and stooping and weight lifting."

Instead of accepting the referee's suggestion, counsel wrote the referee a three-page letter arguing the legal aspects of the case. The only responsive part is the following:

"However, the carrier feels that it would be better for the commission to consider evidence of the availability of work in the open labor market and the potential earnings therefrom in this case, rather than to calculate an earning capacity loss based upon income from a job which does not represent claimant's employability in the open market. * * * It is the desire of the carrier to present expert testimony in that regard. I would anticipate that this testimony * * * would be presented by Mr. Beeman, or by some person having similar qualification in the Maricopa County area in the field of job analysis and opportunities."

The referee considered the reply to be too vague to comply with the Commission's Rule 38(C) requiring an application for a rehearing to set out in detail the nature of the evidence, the names and addresses of the witnesses to be called, the exhibits to be offered, *and a full statement why such material could not have been introduced prior to the award.* He therefore recommended that the petition be denied, and the Commission denied it. This appeal followed.

The employer first contends there is a presumption from the employee's return to, and satisfactory performance of, his job, that there was no loss of earning capacity. He also contends that there is insufficient evidence to overcome that presumption. As to this, in Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643, we indicated that there is such a presumption where the return to work is under normal conditions. However, in the instant case, the return to work was accompanied by almost constant pain and a co-employee did much of the lifting. Moreover, the employee's doctor advised against a continuance of these conditions of labor. The presumption must retire in the face of positive evidence. In Maness, the Commission specifically found that the pain

and suffering of the employee, upon return to work, was not severe enough to reduce his earning capacity. In the instant case, there is no such finding. All evidence in the record supports the opposite conclusion.

■ It is argued that the Workmen's Compensation laws are not designed to pay for pain and suffering. This, of course, is true, in the sense that one who returns to work after an accident, and is able to work without pain, will not receive compensation for the pain he underwent while he was disabled. But that principle does not mean that a man is bound to his job under circumstances that his work becomes intolerable. The evidence in this case is more than adequate to prove that a continuance in the employee's job was both painful and might involve further injury.

■ The employer's second contention is that even though the employee could not continue in the same job, it was improper to consider his wages at part-time work while going to school as a proper figure to compare with his former wage in ascertaining wage loss from the injury. As the employer puts it, the employee is not entitled to disability benefits when he *voluntarily* "takes himself out of the labor market to pursue an educational program." We agree with the principle as a generality, but not with its application to this employee. The evidence is uncontradicted that his departure from the labor market was *not voluntary* and that if permitted to complete another year of the TV repair course, his earnings would probably exceed what he had previously earned. This would end the claim for continuing benefits. If we assume that the claimant could continue as a welder, working only part time without an assistant, or with an assistant, his earnings would necessarily be reduced to some extent. There is, of course, no evidence that work of such a nature was available. In part, the employer indicated that it was to this point it desired to offer evidence on rehearing. This brings us to the final contention of the employer.

■ The employer complains that he was was prevented from offering such evidence. We do not consider that its position is well taken. The employer made no attempt to offer any evidence at the hearing held for that specific purpose. He attended that hearing and took an active part in it. He did not ask for time to produce such evidence. He chose to wait until the decision was rendered. Not until after the case was decided did he ask to reopen for the purpose of introducing evidence that there were jobs in Phoenix that would pay more than the employee was earning while attending classes. The Commission's refusal to reopen was justified. The record shows that the employee had not received any compensation since 1967 and that the volume of the Commission's business is large. The hearing requested by the employer could take months before the opportunity for another hearing occurred. Where a party does not act with diligence to elicit the truth, he may properly be denied the opportunity later.

Since there was no evidence as the record now stands of loss of earnings, except for the evidence which the employee introduced, the Commission's findings and award are eminently correct. Should the employer comply with the award and pay the employee the compensation which is in arrears, it may at some future time file for a reopening as to future loss of earnings. Evidence may then be offered to show that conditions have changed and so prove that the earnings loss as set by the award is not a fair measure. This, however, does not affect the award up to the time of such new hearing.

Opinion of the Court of Appeals vacated. The findings and award of the Industrial Commission are affirmed.

HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.