494 P.2d 1339

**Estelline GREER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Consolidated Citrus Growers, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 631.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 20, 1972.

Langerman, Begam & Lewis, P. A., by Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondent employer and the respondent carrier.

STEVENS, Presiding Judge.

The petitioner urges that she suffers pain which is causally related to her industrial injury and which prevents her from engaging in gainful employment.

Prior to 30 June 1969 the petitioner was a physically active woman. She was employed as a citrus packer, an occupation requiring strength and physical activity. In the course of her employment on 30 June 1969 she fell and was injured. She has not worked since that date.

She was treated initially by Wayne H. Nielson, D.C. On or about 13 October 1969 she came under the care of Joseph G. Ramsey, D.C., who continued to care for her throughout these proceedings.

On 13 April 1970 the carrier issued its notice of claim status terminating the peti-

tioner's temporary compensation and her medical benefits as of 30 March 1970. There was a timely request for a hearing which was held on 4 November 1970. Doctor Ramsey requested a consultation by B. L. Gregory, D.O., an orthopedist. Doctor Gregory examined the petitioner on 26 February 1970 and concluded his report as follows:

> "It is our opinion this patient has progressed to the point (sic) we feel she is able to return to light duty and continued (sic) to be observed by the attending physician. We feel she should be to the point of release to full duty within 30 days."

Shortly before the hearing, the Fund secured an examination by Melvyn L. Goldsmith, M.D., also an orthopedist.

At the hearing the medical evidence was presented by Dr. Ramsey and by Dr. Goldsmith. At the hearing the petitioner testified that her pain residuals had been reduced by Dr. Ramsey's treatments but that as of the date of hearing the pain was so severe that it restricted her normal physical activities and prevented her return to her employment. Doctor Ramsey disagreed with the above-quoted portion of Dr. Gregory's report. Dr. Ramsey testified that as of 30 March 1970 and as of the date of the hearing the petitioner's pain was causally related to the industrial accident and that the pain disabled her from gainful employment. He indicated that her prognosis was poor.

Doctor Goldsmith testified that the petitioner had a full range of motion. He further testified as to the absence of objective findings. He expressed the opinion that the petitioner was able to return to her employment. We set forth a significant portion of Dr. Goldsmith's testimony in the footnote.[1]

The matter of pain as a residual of industrial injuries has been considered by our Supreme Court and by this Court. We quote from four of these cases. In Maness v. The Industrial Commission of Arizona, 102 Ariz. 557, 434 P.2d 643 (1967), our Supreme Court stated:

> "The purpose of the Workmen's Compensation legislation was *not* to compensate for difficulty and pain, but to compensate for *lost earning capacity*. See White v. Industrial Commission, 87 Ariz. 154, 348 P.2d 922 (1960)." 102 Ariz. at 559, 434 P.2d at 645.

In Moore v. The Industrial Commission of Arizona, 12 Ariz.App. 328, 470 P.2d 476 (1970), this Court stated:

> "The Workmen's Compensation Act is intended to cover actual loss of earning capacity. There is no provision allowing

1. "Q I take it the term permanent functional impairment does not include, in your definition pain upon movement of a particular part of ones body?
"A. Function means capacity to move or do.
"Q It has nothing to do with pain?
"A No.
"Q Someone can have a full range of motion and yet be in pain when they go through that range of motion, that is possible?
"A Yes, of course.
"Q And Mrs. Greer did complain of pain in the course of various types of movement, is that it?
"A I believe so, I will have to look back. Well, as matter of fact, during the examination, no, she didn't. It is most peculiar, she engaged in what I think is often commented (sic) as circumlocutory pain, she was extremely voluble in her complaints of pain in the past and up to the time, but at the time of the examination she was remarkably agile and did not complain of pain, but kept telling me about all the problems she had in the past.
"Q I would like to direct your attention to the second paragraph of Page 2 of your report, isn't it a fact, Doctor, that at that place you did report some minimal discomfort to direct palpation?
"A That is tenderness, you asked me about pain.
"Q You don't consider that pain included tenderness, is that something different?
"A Yes. Pain is an independent symptom, tenderness is when you press on a part and they complain of pain. I think there is a difference.
"Q But, she did complain of pain on pressure, is that correct?
"A Right."

compensation for pain and suffering. Pain, following a recovery with no physical impairment and residual objective signs of injury, is not compensable where the pain does not interfere with the earning capacity of the injured workman." (Citations omitted). 12 Ariz.App. at 330, 470 P.2d at 478.

This Court in Mahan v. The Industrial Commission of Arizona, 14 Ariz.App. 535, 484 P.2d 1064 (1971), made the following statement:

"Petitioner's contention on review is that the Commission was required to find permanent disability based on his claim of continuing subjective symptoms, although the medical testimony before the Commission was uncontradicted that petitioner no longer suffered from any objective residuals attributable to his back sprain. Where subjective complaints are consistent with medical history, and the evidence does not cast doubt upon petitioner's credibility as to the existence of the claimed subjective symptoms, the absence of objective medical findings will not necessarily require a finding of no permanent disability." (Citations omitted) 14 Ariz.App. at 536, 484 P.2d 1065.

In the case of Midland-Ross Corporation v. The Industrial Commission of Arizona, 107 Ariz. 311, 486 P.2d 793 (1971), our Supreme Court made the following statements:

"In Maness, the Commission specifically found that the pain and suffering of the employee, upon return to work, was not severe enough to reduce his earning capacity. In the instant case, there is no such finding. All evidence in the record supports the opposite conclusion.

"It is argued that the Workmen's Compensation laws are not designed to pay for pain and suffering. This, of course, is true, in the sense that one who returns to work after an accident, and is able to work without pain, will not receive compensation for the pain he underwent while he was disabled. But that principle does not mean that a man is bound to his job under circumstances that his work becomes intolerable. The evidence in this case is more than adequate to prove that a continuance in the employee's job was both painful and might involve further injury." 107 Ariz. at 313, 486 P.2d at 795-96.

In his award the hearing officer allowed a total temporary disability from 30 June 1969 through 25 February 1970 and partial temporary disability from 26 February 1970 through 29 October 1970, the last date being the date of Dr. Goldsmith's examination. Medical benefits were allowed through 29 October 1970. The hearing officer found (Finding No. 10):

"The applicant has no permanent physical or mental disability as a result of the industrial injury."

The hearing officer's award was affirmed by The Industrial Commission on its review and the matter was brought to this Court by certiorari.

It is our opinion that the evidence supports the award and the award is affirmed.

CASE, J., and D. L. GREER, Superior Court Judge, concur.

FRANCIS, J. DONOFRIO, Justice, having requested that he be relieved from the consideration of this matter, D. L. GREER, a Judge of the Superior Court, was called to sit in his place.