511 P.2d 681

Oscar R. WARD, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Magma Copper Company—Superior Divi-
sion, Respondent Employer,

State Compensation Fund,
Respondent Carrier.

No. I CA-IC 832.

Court of Appeals of Arizona,
Division 1, Department A.

July 5, 1973.

———◆———

Morgan & Jerome, by Donald J. Morgan and D. A. Jerome, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

STEVENS, Judge.

Oscar R. Ward, the petitioner, sustained an industrially related low back injury on 1 November 1969 while working for the respondent employer. On 3 September 1970 a notice of claim status was issued declaring that the petitioner sustained no permanent residuals as a result of the accidental injury. The petitioner returned to his employment and the notice of claim status became final. While working, the petitioner experienced low back pain which increased in its severity. He filed a petition to reopen on 17 May 1971. The petition was granted. This action was followed by a series of notices of claims status, the most recent being dated 15 October 1971 which again declared an absence of any permanent residuals causally related to the accident. A timely request for a hearing was addressed to the last-mentioned notice of claim status which forms the basis of the matter now before us. A hearing was held in two stages in February 1972; the first stage was held in Superior and the second stage was held in Phoenix.

The medical evidence supports the view that there are no objective physical impairments resulting from the accident. The doctors were of the opinion that the petitioner could return to the heavy work of being a miner. There was evidence that the pain incident to the petitioner's attempts to return to his employment made it not possible for him to follow his occupation as a miner.

The hearing officer found an absence of any physical disability residuals resulting from the injury and on review The Industrial Commission agreed. The hearing officer cited Maness v. The Industrial Commission of Arizona, 102 Ariz. 557, 434 P.2d 643 (1967), to the effect that pain is not compensable.

In Midland-Ross Corporation v. The Industrial Commission of Arizona, 107 Ariz. 311, 486 P.2d 793 (1971), our Supreme Court, in affirming the grant of compensation, held that pain can be of such a character and intensity as to render a return to

former employment "intolerable" and therefore compensable. In Midland-Ross the employee's doctor advised against a return to the employee's strenuous employment.

We are impressed with the petitioner's sincerity and his corroborating evidence. We are not called upon to decide whether we would affirm had the hearing officer and the Commission found the pain to be so disabling as to be compensable. The case presented by the petitioner is not strong enough to apply the Midland-Ross principles as to compensable pain, and not strong enough to afford this Court a proper basis upon which to set aside the award.

The award is affirmed.

DONOFRIO, P. J., and OGG, J., concur.