480

573 P.2d 880

**UNITED STATES FIDELITY & GUAR-
ANTY COMPANY and Clyde Nelson
Construction Co., Petitioners,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Burton Harger, Respondent Employee.**

No. 1 CA–IC 1503.

Court of Appeals of Arizona,
Division 1,
Department C.

April 5, 1977.

Moore & Romley by Craig R. Kepner, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Alston, Edwards, Scott & Novak, P. C., by Cecil A. Edwards, Jr., Phoenix, for respondent employee.

## OPINION

JACOBSON, Presiding Judge.

The basic issue presented by this review of a decision of the Industrial Commission is whether an increase in subjective symptoms of pain without an increase in objective physical impairment or increase in loss of earning capacity will support the reopening of a prior award finding a permanent physical disability with an earning capacity impairment.

The facts are not in substantial dispute. On September 8, 1971, respondent employee, Burton Harger, sustained a low back sprain as the result of an industrial injury. This industrial injury was closed on May 9, 1972 by an award discharging him with a five percent unscheduled permanent partial disability and a thirty percent loss of earning capacity. Prior to his September, 1971 injury, Harger had undergone a spinal fusion.

On August 29, 1972, Harger petitioned to reopen his claim, but the reopening was denied and no further action was taken. On June 26, 1975 he again petitioned to reopen which was denied by a Notice of Claim Status and this was timely protested by a Request for Hearing. Upon hearing, the hearing officer granted the Petition to Reopen for additional medical and compensation benefits.

The testimony at the hearing established that at the time of his discharge in 1972, Harger had pain connected with this permanent partial low back disability. This pain has continued and increased. At the time of the hearing, however, there was no new objective physical findings and his present physical impairment is the same as it was in 1972—five percent. Dr. Daley, Harger's treating physician's testimony is illustrative:

"Q: As I understand it, his condition then [1971 and 1972] was such that he had limitation of motion. He had pain with symptoms . . .. Now, isn't that basically the same situation as we find him today?

"A: Except that it appears that he is more symptomatic with less activity.

"Q: Except for the subjective symptomatology it would be the same?

"A: As near as I can tell.

\*   \*   \*   \*   \*   \*

"Q: You had a five percent permanent physical impairment, and we are referring back to the January of '72 report, Doctor, and I think you indicated earlier there was no basic change in that; is that correct?

"A: Correct."

It is also clear that while Dr. Daley now considers Harger's physical condition not to be stationary and that he needs additional medical treatment, such medical treatment would initially be supportive in nature for the increased pain he is suffering and depending on how he responds, the necessity of surgery might be explored.

At the time of his original injury, Harger was employed as a carpenter. Following his injury and on the advice of his physician, he ceased his former employment and obtained a job as a self-service station attendant, where he was employed five days a week. He was subsequently cut to two days a week by his employer. On June 25, 1975, he ceased work entirely and on June 26, 1975 filed this Petition to Reopen. There was medical testimony that Harger's present condition would allow him to continue work as a self-service station attendant.

This court is thus squarely faced with the determination of whether an increase in subjective pain unrelated to a change in physical impairment is a "new, additional or previously undiscovered . . . condition" under A.R.S. § 23–1061(H) as would allow Harger to reopen his claim for additional medical and compensation benefits.

This court in *Morrison-Knudson Co. v. Industrial Commission,* 27 Ariz.App. 1, 550 P.2d 648 (1976) (Petition for Review, No. 12802 PR, granted September 21, 1976) has recently held that subjective pain, unrelated to a change in objective physical findings, which results in an increase in working disability, is a "new, additional or previously undiscovered disability" so as to support a Petition to Reopen. In reaching this conclusion, the court relied upon a group of cases which have either held or intimated that subjective symptoms of pain, standing alone, and unrelated to objective physical findings, but related to an industrial injury, which results in an earning capacity disability, and there is no evidence which casts doubts upon the claimant's credibility as to the existence of these symptoms, can result in an industrially compensable award. *Midland-Ross Corporation v. Industrial Commission,* 107 Ariz. 311, 486 P.2d 793 (1971); *Smith v. Industrial Commission,* 26 Ariz. App. 297, 547 P.2d 1097 (1976); *Ward v. Industrial Commission,* 20 Ariz.App. 237, 511 P.2d 681 (1973); *Matthews v. Industrial Commission,* 20 Ariz.App. 350, 512 P.2d 1237 (1973); *Greer v. Industrial Commission,* 16 Ariz.App. 594, 494 P.2d 1339 (1972); *Mahan v. Industrial Commission,* 14 Ariz.App. 535, 484 P.2d 1064 (1971); *Sims v. Industrial Commission,* 10 Ariz.App. 574, 460 P.2d 1003 (1969), Supplemental Opinion, 11 Ariz.App. 385, 464 P.2d 972 (1970).

However, in each of these cases, it was either stated or tacitly recognized that the subjective pain must result in an earning capacity disability in order to be compensable. This requirement is based upon one of the well recognized purposes of Workmen's Compensation legislation, that is, it is not to compensate for pain, but to compensate for lost earning capacity. *Maness v. Industrial Commission,* 102 Ariz. 557, 434 P.2d 643 (1967). As was stated in

*Moore v. Industrial Commission,* 12 Ariz. App. 328, 470 P.2d 476 (1970):

"The Workmen's Compensation Act is intended to cover actual loss of earning capacity. There is no provision allowing compensation for pain and suffering. Pain, following a recovery with no physical impairment and residual objective signs of injury, is not compensable where the pain does not interfere with the earning capacity of the injured workman." (citations omitted) *Id.* at 330, 470 P.2d at 478.

■ Since pain, in and of itself, is a noncompensable element of an injury in the first instance, it follows that pain, in and of itself, cannot be a "new, additional or previously undiscovered condition" for the purpose of supporting a Petition to Reopen. It is only when the pain results in an earning capacity disability that compensation becomes available in the first instance. Likewise, it is only when pain results in an additional earning capacity disability that reopening is available.

In this case, the Commission's prior award of May 9, 1972, which is sought to be reopened, found that Harger had suffered an unscheduled permanent partial disability and had sustained a thirty percent reduction in earning capacity. We assume this award was based upon Harger's inability to return to his former occupation as a carpenter.

Dr. Eugene J. Chandler's medical report, in evidence at the reopening hearing, stated:

"[M]y opinion [is] that this patient is not capable of returning to his former occupation as a carpenter, however, he can return to his former occupation as a self service station operator or other type of sedetary [sic] work."

Dr. Daley, Harger's treating physician, testified:

"Q: Can he do his light work that he's been doing as a service station attendant?

"A: Well, having not seen him since 8–26–75—he was having difficulty in doing that at that time. I would find that I am kind of in a poor position to tell you whether or not he can do that work at this time."

■ In our review of the record, this is the only medical testimony elicited on the crucial subject of whether Harger's increased subjective symptomatology of pain resulted in an increased earning capacity disability, in excess of that previously awarded in May, 1972. While there is evidence that Harger's work week had been decreased at the service station from five days a week to two days a week, the record is simply not clear whether this was related to Harger's inability to work longer because of his pain or was related to other factors. In short, the record does not support a finding that Harger's increased subjective symptoms of pain resulted in an increased loss of earning capacity over that previously awarded.[1]

Since subjective pain, unaccompanied by an increase in loss of earning capacity, will not support a Petition to Reopen, the decision in this matter must be set aside.

FROEB, C. J., Division 1, and HAIRE, J., concur.

---

1. We note that the decision of the hearing officer in this matter made no findings as to an increase in loss of earning capacity over that previously awarded.