393 P.2d 150

Leonardus A. SCHREVEN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Marion J. Evertsen Masonry Contractor, Respondents.

No. 7774.

Supreme Court of Arizona.

In Division.

June 11, 1964.

Minne & Sorenson, by A. D. Ward, Phoenix, for petitioner.

C. E. Singer, Jr., Phoenix, for respondent, The Industrial Commission of Arizona. Donald J. Morgan, Lorin G. Shelley, Ben P. Marshall and Robert D. Steckner, Phoenix, of counsel.

LOCKWOOD, Vice Chief Justice:

This is an appeal by Certiorari from an award of the Industrial Commission granting the petitioner compensation and accident benefits up to November 15, 1961, but denying that he has any physical disability resulting from the accident in question.

Petitioner is a bricklayer and according to the undisputed evidence had been afflicted with an asymptomatic, nondisabling congenital deformity of the spine described as, "asymmetry of the facets at the L–5, S–1 level." Prior to the accident in question, which occurred on September 26, 1960, he had plied his trade for fifteen years without any physical difficulty. On this occasion he sustained a lumbo-sacral strain while bending over laying a twenty to thirty pound block into a footing. The Commission recognized this as an accidental injury arising out of and in the course of his employment and awarded compensation for temporary total disability to November 14, 1960, but found as of that date petitioner "has no physical disability resulting from said accident."

He returned to work November 15, 1960, and worked until January 24, 1961, during which time he suffered severe back pain which became progressively worse. He went to his attending physician, Dr. F. P. Snyder, and upon his advice filed to reopen his claim. The Commission complied with this request and authorized further treatment. It also awarded compensation for temporary total disability from January 24 to February 5, 1961. Petitioner returned to work on February 6. Another reoccurrence of his back condition forced him off the job on February 14, and compensation was again awarded from that date through May 31, 1961.

Dr. Snyder fitted petitioner with a back brace and reported to the Commisson that his patient must have either a spinal fusion or be sent to vocational training to learn a less strenuous avocation. The Division of Vocational Rehabilitation did some testing and with the Commission's consent referred him to the Samuel Gompers Rehabilitation Center. He was awarded compensation for temporary partial disability beginning June 1, 1961 which continued to November 15, 1961, the Commission finding that during such time he was able to do light work.

The results of the rehabilitation tests indicated aptitudes in several fields requiring training at a cost of at least $800. The Commission declined to authorize such training as they felt the need for rehabilitation was not the result of his injury.

A medical consultation report was requested and received by the Commission. The report stated that petitioner had recovered from the injury of September 26, 1960, but that he would have recurrence of his back trouble if he attempted to return to his former occupation. The consultants found that petitioner was in need of training for a different occupation but that such need "would not be considered as necessary in connection with the injury * * *."

The record indicates petitioner diligently sought but was unable to find light work, so on November 28, 1961 he again attempted to work as a bricklayer. That same day he suffered another back injury just as the physicians had predicted. About a week later he found lighter work as an apprentice toolmaker, at a wage of $1.50 per hour compared with the $4.10 per hour he had earned as a bricklayer.

Upon rehearing of this matter the only medical witness to testify was Dr. Snyder. He testified that the injury "triggered" petitioner's present disability, which was described as back pain. The doctor further testified, however, that the back strain did not worsen the congenital abnormality; that because of this defect petitioner eventually would have reached the point where he was disabled from heavy work even if this injury had not taken place.

It is obvious from the record that both the doctor and the Commission are overlooking the distinction between medical and legal causation pointed out in Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573. See also Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627.

Dr. Snyder's testimony was to the effect that the *medical* causation of the petitioner's condition was the congenital abnormality, which "eventually" would have produced pain, regardless of the injury in question. But he stated that the injury "triggered" the condition (back pain) which would ultimately have occurred because of the congenital abnormality. This constitutes basis for determination of the legal causation of the disability condition.

The doctor's testimony is not contradictory. Neither is there any other evidence contradicting the legal cause of the petitioner's condition. It all is to the effect that the injury did not medically cause the spinal condition but that it did bring on the symptoms earlier than would have been anticipated. Therefore, legally, the injury was the proximate cause of the disability.

In Rahar v. Industrial Commission, 94 Ariz. 170, 382 P.2d 656, we discussed a somewhat similar aggravation of a pre-existing back condition. Therein we found that the Commission had failed to distinguish between medical and legal causation. The present case is in the same posture.

The Commission had no medical evidence to support its award that the accident was not the proximate cause of the injury causing the disability.

Award set aside.

UDALL, C. J., and JENNINGS, J., concur