409 P.2d 319

**INTERNATIONAL METAL PRODUCTS, DIVISION OF McGRAW EDISON COMPANY, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, A. R. Kleindienst, C. Lawrence Huerta and Frank G. Murphy, as members of and constituting the Industrial Commission of Arizona, and Aaron Gibson, Respondents.**

**No. 1 CA–IC 56.**

Court of Appeals of Arizona.

Dec. 31, 1965.

Jennings, Strouss, Salmon & Trask, by William R. Jones, Jr., Phoenix, for petitioner.

Herbert B. Finn, Stephen T. Meadow, Phoenix, for respondent Gibson.

STEVENS, Chief Judge.

This is the appeal of the employer, International Metal Products, by writ of certiorari, from a decision, findings and award of the Industrial Commission made 22 June 1965, granting accident benefits and compensation to Aaron Gibson, claimant. The decision found that the claimant suffered from a psychiatric disability attributable to a compensable industrial accident suffered 30 October 1963, and awarded him continuing accident benefits and compensation.

The claimant was working for the employer as an assembler on 30 October 1963, when he suffered an accidental injury while shooting screws into a cabinet with an airgun. He suffered a muscle sprain of his right shoulder and back. He was hospitalized and treated for this injury, but began to exhibit a "different" type of nervous symptom about 9 November 1963. He was discharged from the hospital 15 November 1963, and continued to receive treatment from his family physician, a general practitioner. On 26 February 1964, claimant

became an outpatient at the Veteran's Administration Hospital, Mental Hygiene Clinic. He has received psychiatric care since that date, and has been medically determined to be in need of commitment and further care, and to be unemployable.

The issue raised by this appeal is whether the Commission's finding, that the accident of 30 October 1963 was the legal cause of the claimant's psychiatric disability, was supported by substantial evidence.

 We have reviewed the testimony presented at the three hearings on this matter. The medical facts stated by the medical experts who testified, were sufficient to support the Commission's finding that the accident of 30 October 1963 was the legal cause of the claimant's psychiatric disability. The employer must take his employees as he finds them. Even though claimant may have been predisposed to psychiatric problems, the fact that the accident made these psychiatric problems manifest is sufficient under the rule set forth by our Supreme Court in Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963), to establish that the accident is the legal cause of the resulting psychiatric disability.

Award affirmed.

CAMERON and DONOFRIO, JJ., concur.