463 P.2d 87

**Perry COPPER, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mountain Shadows West Home Owners Association, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 250.**

Court of Appeals of Arizona, Division 1.

Department A.

Jan. 7, 1970.

Rehearing Denied Feb. 2, 1970.

---

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent Carrier State Compensation Fund.

STEVENS, Judge.

The petitioner brings a writ of certiorari to test the lawfulness of an award and findings of The Industrial Commission issued 27 May 1968 denying his petition for readjustment or reopening of his industrial claim.

The petitioner suffered an industrial accident on 15 November 1964 in the course and scope of his employment as a gardener with respondent employer. Petitioner stated, "I aggravated my old automobile injury by hoeing weeds and shoveling dirt and bending and twisting forward to pick up garden hose while watering plants * * *." The old automobile accident to which the petitioner referred occurred in 1961. Petitioner was stopped in his car when "a young kid in a big car came up behind me and smacked the rear of my car." As the result of this automobile accident, he was off work for some six months. His employment record since that time has been spotty.

The petitioner's November 1964 industrial claim was accepted for benefits which were awarded through 4 August 1965. The petitioner's initial claim was closed with a final findings and award for accident benefits only, petitioner not having been disabled for work in excess of seven days. This award was issued on 9 September 1965.

A petition to reopen for new, additional or previously undiscovered disability was filed on 13 April 1967, alleging petitioner suffered a psychiatric disability related to the 1964 injury.

During the presentation of the evidence on his petition to reopen, it was brought out that the petitioner was involved in a second automobile accident in January of 1967. This occurred while he was undergoing group therapy and treatment with Dr. M. B. Ruland, a psychiatrist, who was at the time head of the Psychiatric Clinic at Maricopa County General Hospital. Of the effect of the second accident, Dr. Ruland testified on cross-examination:

"Q. Has he spoken to you about the second automobile accident and a legal case?

"A. No, he was quarreling with an insurance company because they were reluctant to pay the cost of fixing up his automobile. I think at no time was he as concerned about what had happened to him as he was about his car had a bad door that they didn't want to fix."

The question before the Court is whether the petitioner has, as he contends, sustained his burden of proving a new, additional, or previously undiscovered disability causally related to his industrial injury.

The petition to reopen was accompanied by a letter from the psychiatrist, M. B. Ruland, M. D. On the basis of the petition, a hearing was held in January 1968. Doctor Ruland was the only medical witness who testified at this hearing. He stated that he had begun treating the petitioner in November 1966, and had last seen him in October 1967. Doctor Ruland testified as follows:

"Q. Based upon your knowledge of the case as you have given it to us and the whole course of events, can you give us an opinion that you can say with reasonable medical probability whether there was any causal relationship of any kind between the industrial incident, namely the strain in 1964, at Mountain Shadows and the condition of disability which you found in him as far as work is concerned?

"A. I think it reinforced and strengthened and solidified a disability that he had prior to that.

\* \* \* \* \* \*

"Q. To put it into the peculiar language which our courts and we lawyers love or at least are saddled with, is it fair to say, and I don't want to put words in your mouth, but would this consist, this incident have caused in your opinion an aggravation of that pre-existing condition?

"A. This is essentially what I am saying, it aggravated it, reinforced it, solidified it.

"Q. As of the time that you had seen him, was that aggravation when you first saw him still a factor in his—a factor not necessarily the only cause but a factor in causing the disability which you observed?

"A. It certainly was a link in the chain of things that led him in my opinion to be disabled. It was a causal factor.

"Q. What about this last accident which occurred apparently while he was still with you. Was that of any nature so as to overwhelm the former cause and start a new cause or a series of causations?

"A. No, I don't think so. I don't think the last overwhelmed the first or immediately preceding cause. It was the immediate preceding cause overwhelming the initial cause."

Dr. Ruland was asked both on direct and on cross-examination to give his opinion as to whether the petitioner was a malingerer, to which he answered firmly in the negative. He stated that at the time he last saw the petitioner on 21 October 1967, the petitioner was totally disabled, mentally unable to work.

As this Court stated in Meador v. Industrial Commission, 2 Ariz.App. 382, 409 P.2d 302 (1966), "[t]he law of our State is that the Commission must take the workmen as it finds them, Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960), that is, it cannot insist in the instant case that petitioner be other than the immature person with hypochondriacal tendencies and a fifth-grade education that he in fact is." This Court also stated in International Metals Products v. Industrial Commission, 2 Ariz.App. 399, 409 P.2d 319 (1965),

"The employer must take his employees as he finds them. Even though claimant may have been predisposed to psychiatric problems, the fact that the accident made these psychiatric problems manifest is sufficient under the rule set forth by our Supreme Court in Tatman Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963), to establish that the accident is the legal cause of the resulting psychiatric disability."

The petitioner alleges, we feel correctly, that the Commission has disregarded the only medical testimony before it on the question raised by his reopening petition in arriving at its decision to deny that petition. Our Supreme Court has consistently held, " \* \* \* where the causal relationship between an industrial injury

and the resulting disability is 'within the singular knowledge of medical experts * * * their findings are conclusive upon the commission. * * * The commission is not allowed to substitute its judgment on matters lying exclusively within the fields of medical science.' Paulley v. Industrial Comm. of Ariz., 91 Ariz. 266, 371 P.2d 888 (1962)." Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968).

 The difference between medical causation and legal causation in an industrial injury situation was fully discussed in Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963). In Tatman, quoting from Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960), it was emphasized that " '[t]he injury need not be the sole cause of disability, if it is a producing cause.' " Where an injury occurring in the scope of employment has aggravated a pre-existing condition the workman is entitled to compensation for loss of earning capacity. Murray; Tatman. The uncontradicted medical testimony in the instant case shows that the petitioner is suffering a new, additional, or previously undiscovered psychiatric disability as the result of his 1964 industrial accident and resulting injury.

When the evidence before The Industrial Commission is such that the only reasonable interpretation of it is one that leads to a conclusion different from that reached by the Commission, this Court has no alternative but to set the award aside. Mokma v. Industrial Commission, 9 Ariz. App. 88, 449 P.2d 622 (1969). It is our opinion that this is the situation which exists in the instant case. The medical evidence before the Commission is susceptible to only one conclusion, and that is that the petitioner has sustained his burden of proving that he is suffering from a new, additional, or previously undiscovered disability related to his industrial accident of 1964. For this reason, the award of the Commission is set aside.

DONOFRIO, P. J., and CAMERON, J., concur.