481 P.2d 886

Betty June OLIVER, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Arizona Sportservice, Inc., Respond-
ent Employer,
Continental Casualty Company,
Respondent Carrier.

No. I CA–IC 368.

Court of Appeals of Arizona,
Division 1,
Department A.

March 11, 1971.

Gorey & Ely, by Joseph M. Bettini and Sherman R. Bendalin, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, The Industrial Comm. of Arizona, Phoenix, for respondent.

Jennings, Strouss & Salmon, by William R. Jones, Jr., and M. Byron Lewis, Phoenix, for respondent employer and carrier.

DONOFRIO, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona which found that petitioner had not suffered a loss of earning capacity.[1]

Petitioner, a waitress in her twenties, sustained an industrial injury in April

1. This case was decided under the law as it existed prior to January 1, 1969.

1964. The claim was accepted for benefits. In the time that ensued she underwent a laminectomy and later a spinal fusion. By September 21, 1966, an award for continuing benefits issued and the Commission found that petitioner could return to her employment as of September 19, 1966. A second award pending determination of earning capacity issued on April 26, 1967, wherein petitioner was awarded a 15% physical functional disability, her condition having become stationary on April 20, 1967. Following a timely protest a hearing was held.

Petitioner testified she worked at a job with Arizona Refrigeration Supplies, Inc. for two weeks, which job terminated in June 1967 because of injury to her back sustained while lifting her youngest child. She then underwent a non-industrially related hysterectomy and was released to work following that operation, in September of 1967. Petitioner then testified that after the operation she had not tried to get work in Phoenix because her husband was having difficulty finding employment there. Petitioner and her husband then moved to Slaton, Texas, where her husband was able to get work. She stated that due to the location of their home in an area between two small towns, her attempt to locate employment in the area resulted in her being able to get only a job baby-sitting three to four hours a day, earning $10.00 a week. The locality in which they lived is about thirty miles from Lubbock. She did not seek work in Lubbock, a city in which she acknowledged full-time waitress jobs were available. She also testified that while in Texas she operated a cash register without pay a few hours a week at the liquor store which her husband managed, so that he would be free to run errands. Petitioner sent no reports of her Texas earnings to The Industrial Commission of Arizona, claiming she did not have the necessary forms. She testified that she looked for part-time work as a waitress in cafes in the locality but was unsuccessful in finding such a job, the only

work in which she had had experience. She stated that in looking for work as a waitress she was primarily seeking part-time work, but that she did seek full-time employment as a clerical worker even though she was not trained as a typist. Petitioner stated that due to the traveling distance she did not look for work outside her locality and that at that time the hourly wage in Texas for waitresses was fifty cents. She also testified that while there she never sought treatment or medical attention for her back. Having registered with the Employment Security Commission of Texas as able to work full time, she thereafter reported monthly but was not offered any jobs. The foregoing are the pertinent facts of record.

A referee's report on December 12, 1968, found petitioner had removed herself from the open labor market for reasons unrelated to her industrial injury, and that there was no basis upon which a loss of earning capacity could be determined. Petitioner objected to the referee's report and an award issued in line with the report. This award was protested. A different referee reviewed the matter and agreed with the award, but recommended a finding that the petitioner had not suffered a loss of earning capacity. Petitioner timely objected, raising points which will hereafter be considered, and on October 22, 1969, the amended decision affirming the findings and award issued. This certiorari is from that award.

Petitioner contends that the Commission acted illegally and unconstitutionally in finding that because her removal from the open labor market was voluntary she suffered no loss of earning capacity. She states that the law does not bar a married woman from accompanying her husband to a location where he has employment. On the other hand, the Commission argues that petitioner has not shown loss of earning capacity due to her disability irrespective of the fact of her move to Texas; that the voluntary removal to Texas finding was not decisive of the matter and

therefore the constitutional question has no application.

■ In passing upon the issues we are governed by certain well-established rules. To begin with, claimant has the burden of proof to show loss of earning capacity because of her disability. Standard Acc. Ins. Co. v. Industrial Commission, 66 Ariz. 247, 186 P.2d 951 (1947); Schnatzmeyer v. Industrial Commission, 77 Ariz. 266, 270 P.2d 794 (1954). In this connection the evidence must be considered in the light most favorable to sustaining the award of the Commission. Collins v. Industrial Commission, 3 Ariz.App. 107, 412 P.2d 282 (1966); Montgomery v. Industrial Commission, 7 Ariz.App. 109, 436 P.2d 621 (1968).

■ Here we are dealing with an unscheduled partial disability and must determine if the evidence shows a reduction in petitioner's earning capacity due to her disability. No compensation is allowable for unscheduled injuries unless there has been a loss of earning power and this is true regardless of the fact that there may be some residual physical functional disability. Williams v. Industrial Commission of Arizona, 73 Ariz. 57, 237 P.2d 471 (1951); Eagle Indemnity Co. v. Hadley, 70 Ariz. 179, 218 P.2d 488 (1950). The measure of the award is the loss of earnings caused by the injury. The mere showing that a claimant has not returned to work is not proof of the fact that claimant cannot work because of a physical disability. Davidson v. Industrial Commission, 72 Ariz. 314, 235 P.2d 1007 (1951). If compensation is to be allowed petitioner on the basis of her inability to secure employment she is capable of performing, the Commission must find as a fact that her failure to work is caused by her injuries. Schnatzmeyer.

■ Bearing these rules in mind, we cannot find that the decrease in petitioner's average monthly earnings was caused by other than conditions inherent in the jobs themselves (babysitting, cashiering, etc.) and in no way is it attributed to the functional disability. No showing was made at the hearing or in petitioner's evidence that if petitioner had no functional disability she would be earning more than she was presently earning. The evidence contained in the record nowhere indicates that her earning capacity has been decreased. As we view petitioner's evidence, the only showing she makes is that she is unable to secure remunerative employment. The evidence does not in any way show that the failure to secure employment bears any relationship to the disability. It shows that her failure to secure employment was due solely to the economic conditions of that particular area.

■ We next treat the question of illegality of the Commission's decision based upon the contention that the award made a finding of no loss of earning capacity because of the voluntary removal from Phoenix to Texas. In support of that argument petitioner cites the recent case of Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

We believe that the Shapiro case has no application in that petitioner was not denied compensation merely because she moved from Phoenix to Texas. The award of the Commission is supported by reason of the fact that petitioner has failed to show any relationship between her lack of employment and her disability.

Affirmed.

STEVENS, P. J., and CASE, J., concur.