490 P.2d 841

Fred L. CORR, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

A. N. Hawes Cabinet Shop, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 594.

Court of Appeals of Arizona, Division 1.

Nov. 29, 1971.

**13**

der was issued suspending permanent payments because of the new injury. At the time of the knee injury, petitioner was employed as a cabinet maker at $3.00 per hour. His monthly wage was established at $503.-38 per month. He has since returned to work at the same job and in February, 1970, was earning more than $503.38. The Commission, on 28 April 1970, entered a Petition to Change Disability Payments, requesting that payments be terminated because claimant was earning more than his $328.19 monthly wage prior to the accident in 1956, and more now than the $200 per month he was determined capable of earning in 1958 at the time of the original award. The Commission contended that petitioner's alleged increase in earning capacity should result in termination of payments.

Attorneys for the applicant and the State Compensation Fund entered the following stipulation of facts on 31 July 1970:

"1. That on November 1, 1956, the abovenamed applicant [Corr] sustained an injury by accident arising out of and in the course of his employment with the Defendant Employer, and that subsequently Findings and Award for Unscheduled Permanent Partial Disability was issued by the Industrial Commission of Arizona.

2. That as a result of the injury of November 1, 1956, the applicant, Fred L. Corr, was rendered permanently unable to work as a carpenter and must now seek employment as a cabinet maker.

3. That the present union wage for carpenters is $6.00 per hour.

4. That the present union wage for cabinet makers is $3.45 per hour.

5. That the wage for cabinet makers in November, 1956, was $2.50 to $2.9750, per hour.

6. That applicant works an average of five days per week, eight hours per day.

J. Michael Moeller, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Dee-Dee Samet, Tucson, for respondent Carrier.

KRUCKER, Chief Judge.

This is a writ of certiorari to review an award of the Industrial Commission which terminated benefits to petitioner because he is presently earning more than the $200 per month that he was found capable of earning in 1958 at the time of the original award.

Applicant was a "cabinet carpenter" in 1956 when, during the course of his employment he suffered a back injury which severely limited his ability to bend or lift. His monthly wage prior to the accident was determined to be $328.19. Applicant's loss of earning capacity was determined to be 39.06 percent attributable to his 15 percent general disability. Following the accident, he returned to work as a "cabinet maker" and expected to earn $200 per month in 1958 on a wage scale of $1.25 per hour.

On December 9, 1968, applicant suffered a minor injury to his left knee (Claim BG 57783). On March 17, 1969, an or-

7. That applicant's present wage is $3.00 per hour.

8. That applicant's wage in December, 1968 to April, 1970 was $3.00 per hour as a cabinet works maker and fixture installer working eight hours per day, five days per week."

The Commission's award of 11 September 1970 terminated petitioner's benefits. Petitioner made timely application for review and on 27 October 1970 the award was affirmed. This petition for writ of certiorari followed.

■ In Arizona, the burden of proof is upon the claimant to affirmatively show that he is entitled to compensation. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Waller v. Industrial Commission, 99 Ariz. 15, 406 P.2d 197 (1965). The evidence before this court must be considered in a light most favorable to sustaining the award of the Commission. Oliver v. Industrial Commission, 14 Ariz.App. 200, 481 P.2d 886 (1971); Montgomery v. Industrial Commission, 7 Ariz.App. 109, 436 P.2d 621 (1968). Where the evidence before the Commission is in conflict or different inferences may be drawn therefrom, the findings of fact of the Commission will not be disturbed unless its conclusion is wholly unreasonable. Malinski, supra; Books v. Industrial Commission, 92 Ariz. 302, 376 P.2d 769 (1962). The test for appellate review of an Industrial Commission award was set out by the Arizona Supreme Court in Estate of Bedwell, 104 Ariz. 443, 444, 454 P.2d 985, 986 (1969):

"[I]t must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion." (Citations omitted)

In Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949), the court held, inter alia:

"1. That the commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said findings and award arising out of said injury resulting in the reduction or increase of his earning capacity; (b) upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon a showing that his earning capacity has increased subsequent to said findings and award." (Emphasis added) 69 Ariz. at 180, 211 P.2d at 231.

In the instant case the Commission reconsidered petitioner's circumstances and concluded that an increase in petitioner's capacity had been shown and his award should be terminated.

■ It is undisputed that Mr. Corr's income has changed. The point of disagreement between the parties is whether applicant's present employment as a "cabinet works maker and fixture installer" represents an increase in earning capacity. Factors to be considered in determining reduced earning capacity are set out in A.R.S. § 23-1044, subsec. D:

"In determining the amount which represents the reduced monthly earning capacity for the purposes of subsection C of this section, consideration shall be given, among other things, to any previous disability, the occupational history of the injured employee, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received for work performed subsequent to the injury and the age of the employee at the time of injury."

It seems reasonable that these same factors might be considered in determining any subsequent increase in earning capacity.

The Arizona Supreme Court, in Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959) (related opinion at 92 Ariz. 357, 377 P.2d 201 (1962)), discussed factors to be considered in determining changes in earning capacity:

"[P]ost-injury earnings are not the only factor to be considered in determining whether there is any reduced earning capacity, although the fact of such earnings may raise a presumption of commensurate earning capacity. Although the wages that the employee would have earned but for the injuries may not always be determinative, it also should be considered (citations omitted)."

\* \* \* \* \* \*

"The physical disability of the employee, though not the sole test, is certainly a criterion to be applied in determining loss of earning capacity; and such disability must be evaluated in relation not only to the work that can be performed, but also to the employee's 'ability to secure the work which he might do if he were permitted to attempt it.'" (Citations omitted) 87 Ariz. at 65, 347 P.2d at 716.

The court, in Shroyer v. Industrial Commission, 98 Ariz. 388, 392, 405 P.2d 875, 877 (1965), quoted 2 Larson's Workmen's Compensation Law, 1952, with approval:

"It is uniformly held, therefore, without regard to statutory variations in the phrasing of the test, that a *finding of disability may stand even when there is evidence of actual post-injury earnings equalling or exceeding those received before the accident.* The position may be best summarized by saying that *actual post-injury earnings will create a presumption of earning capacity commensurate with them, but the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity.* Unreliability of post-injury earnings may be due to a number of

things: increase in general wage levels since the time of accident; claimant's own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of post-injury earnings. [2 Larson, § 57.21]" (Emphasis added)

In *Shroyer*, the court overruled the denial of award because the employee had sustained injury which would no longer allow him to work in the capacity of a "boilermaker". He could only perform the lighter duties of a welder and foreman. The court determined that even though his earnings after the injury were equal to his earnings prior to the injury, his future earning capacity had been adversely affected. The court recognized that even if there are increased earnings on the part of the injured workman, evidence may show a continuing decrease in earning capacity.

■ To determine in the instant case if the increased earnings may be attributed to other factors than increased earning capacity, we must review the claimant's circumstances at the time of the injury, as of 1958 when the award was made, and today as the Commission seeks to terminate his $70.50 monthly award. In reviewing this factual evidence, we must consider it most favorably to support the award and we must begin with the presumption that the increase in post-injury earnings is a result of a commensurate increase in earning capacity.

The Commission's Award for Unscheduled Permanent Partial Disability of November, 1958 was based partially upon Finding No. 10 which is relevant to the issue before us:

"10. That the applicant has returned to his occupation of cabinet making with the Modernistic Cabinet Shop at Tucson, Arizona, where he has been employed steadily for about 5 months earning $50.00 per week. That the applicant

is physically and mentally able to perform the duties of a cabinet maker to the extent that he can reasonably expect to earn $200.00 monthly; therefore, the applicant has sustained a 39.06% loss of earning capacity attributable to his general disability resulting from his said accident, entitling him to an award therefor pursuant to A.R.S., Section 23-1044 C and D in the amount of $70.50 monthly until further order of this Commission."

The award of $70.50 was apparently arrived at pursuant to A.R.S. § 23-1044, subsec. C:

"C. In cases not enumerated in subsection B of this section, where the injury causes permanent partial disability for work, the employee shall receive during such disability compensation equal to fifty-five per cent of the difference between his average monthly wages before the accident and the *amount which represents his reduced monthly earning capacity resulting from the disability, but the payment shall not continue after the disability ends,* or the death of the injured person, and in case the partial disability begins after a period of total disability, the period of total disability shall be deducted from the total period of compensation." (Emphasis added)

At the time of the award, claimant was determined capable of performing "the duties of a cabinet maker" and was earning a flat salary of $50 per week ($1.25 per hour) or $200 monthly, working seven or eight hours per day, five days a week. In addition to being below union scale for cabinet makers, petitioner's salary was below the $1.50 per hour rate that petitioner's employer was paying other cabinet makers in his shop who were not disabled.

■ As per the stipulation of counsel, supra, claimant is today a "cabinet works maker and fixture installer" working eight hours per day, five days per week at $3.00 per hour. His average monthly salary exceeds $500. Respondent contends that petitioner is today as able as any other

cabinet maker and in addition to cabinet making is a "fixture installer." Petitioner does not deny that he is making the same salary as other cabinet makers. Petitioner simply contends that he is still disabled from his back injury and is unable to work as a carpenter. While petitioner's position seems reasonable, the law apparently is contra. This court, in Maness v. Industrial Commission, 5 Ariz.App. 259, 425 P.2d 447 (1967), was persuaded by an argument similar to petitioner's and found the Commission's determination of "no loss of earning capacity" to be unsupported by the evidence. However, the Arizona Supreme Court disagreed and vacated the judgment of the Court of Appeals at 102 Ariz. 557, 434 P.2d 643 (1967). The Supreme Court's discussion of the *Maness* situation offers support for the respondent's position in the case before us.

"The Commission found that Maness has some permanent disabilities and that he has some difficulties in performing his work and may suffer some pain in his labors. Nevertheless, the Commission found that these permanent disabilities were not of the nature nor severe enough to have reduced his earning capacity at the time of the hearing. The purpose of the Workmen's Compensation legislation was *not* to compensate for difficulty and pain, but to compensate for *lost earning capacity.* See White v. Industrial Commission, 87 Ariz. 154, 348 P.2d 922 (1960). When an injured person returns to essentially the same nature of work he was doing before the injury, has steady employment, earns more money for his labors, and has at least one employer who is not aware of his disabilities, he cannot reasonably claim his earning capacity is diminished. White v. Industrial Commission, supra."

The principles stated by the Arizona Supreme Court seem to be controlling. While the petitioner may still suffer a permanent disability, he has failed to sustain the burden of proving that he continues to have

a decreased earning capacity. The findings of fact of the Commission not being wholly unreasonable, the finding is conclusive upon this court.

The award of the Commission is affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.