491 P.2d 19

**Janie Mae JACKSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phoenix Osteopathic Hospital, Incorporated (Phoenix General Hospital, Incorporated), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 599.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 6, 1971.

Rehearing Denied Jan. 6, 1972.

Review Granted Feb. 22, 1972.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by James E. McDougall, Phoenix, for respondent employer-carrier.

CASE, Judge.

Petitioner questions the lawfulness of a decision upon hearing and findings and award for an unscheduled permanent partial disability issued on 24 November 1970. Petitioner particularly questions the Commission's determination that she should after her injury be able to earn $117 per month since, in her view, the evidence indicated no employer in the open labor market would hire her.

On review of this matter we are required to view the evidence in the light most favorable to upholding the Commission's award, Oliver v. Industrial Commission, 14 Ariz.App. 200, 481 P.2d 886 (1971); Montgomery v. Industrial Commission, 7 Ariz. App. 109, 436 P.2d 621 (1968), and must affirm if we find any evidence supporting the Commission's award finding that petitioner was able to earn $117 per month. Timmons v. Industrial Commission, 83 Ariz. 74, 316 P.2d 935 (1957).

Petitioner at the time of the hearing was a 32-year-old woman who injured her back while working as a nurse's aid on 15 March 1967. She was on a temporary total disability status from 9 April 1967 until 6 October 1969 and has not worked since the injury. The record indicates that petitioner has a tenth-grade education and has worked all of her life at various jobs including general farm labor, housekeeping, child care and a nurse's aid. She testified that since her accident she has sought employment as a nurse's aid at various Phoenix hospitals and as a clerk at Reddy's Corner. Petitioner realizes she cannot, in her physical condition, perform the tasks required of a nurse's aid. Though we express no opinion as to whether petitioner has made a satisfactory effort to secure employment,

we believe the respondent has adequately carried her burden of showing the availability of suitable employment as required by Meadows v. Industrial Commission, 12 Ariz.App. 114, 119, 467 P.2d 954, 959 (1970).

Petitioner's physician, Dr. Alvin L. Swenson, testified at the hearing on 25 September 1970 that Mrs. Jackson's condition was stationary and that her physical condition prevented her from performing the functions of a nurse's aid. Yet, Dr. Swenson. also indicated that petitioner could be employed in a job which required a minimum of lifting or bending and which would permit her to alternate sitting and standing. He also predicted that she might be forced occasionally to leave work early or miss work entirely two or three times per month.

Also testifying at the hearing was Arthur E. Bond, Personnel Director of Phoenix General Hospital, Betsy Rounds, a personnel analyst with the Arizona State Personnel Commission, and Ross Lamoreaux, a rehabilitation counselor with the State Compensation Fund. Their testimony indicated that petitioner had the qualifications, both physical and educational, for various jobs including cashier, elevator operator, clerical aide, building cleaner, food service worker and telephone solicitor. The salaries of the various jobs in 1967 began at approximately $1.25 per hour. The Commission found petitioner could earn $117 per month based on one of the above jobs at four hours per day, five days per week.

Petitioner urges the testimony of the above experts is nugatory by reason of their statements that if petitioner, on interviewing, emphasized the fact that she would be forced to miss two or three days per month and perhaps leave early occasionally, she would not be hired. The hypothetical posed in petitioner's questions depicted a person with a negative attitude toward employment and under such circumstances, in the view of the expert witnesses, securing a position by anyone would be difficult. We believe such testimony does not detract from the basic fact that employment opportunities were shown to be available to petitioner. The importance of a positive attitude in seeking employment has previously been recognized by our courts. Timmons v. Industrial Commission, 83 Ariz. 74, 79, 316 P.2d 935, 938 (1957).

In Timmons, *supra*, our Supreme Court further indicated that to sustain a finding which determines post-injury earning capacity, the Court must determine if there is any evidence showing the kind of work the claimant is capable of performing and the amount he can earn at such jobs. Our Supreme Court's language in Davis v. Industrial Commission, 82 Ariz. 173, 175, 309 P.2d 793, 795 (1957) is also pertinent herein:

"The problem of determining the future earning capacity of a disabled man involves a certain amount of indefiniteness. The object is to determine as near as possible whether in a competitive labor market the subject in his injured condition can probably sell his services and for how much. To support a finding in this respect the commission must have evidence that will at least demonstrate the reasonableness of the determination made. There must be something that will justify the conclusion that he is able to perform the services which are used as a basis for measuring earning capacity."

After a thorough review of the record, we find the Commission's determination to be supported by the evidence and accordingly we affirm the award.

STEVENS, P. J., and DONOFRIO, J., concur.