492 P.2d 1230

George W. STRINGER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Phelps Dodge Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 632.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 31, 1972.

---

Schorr & Karp by Hal Howard, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel Industrial Commission of Arizona, Phoenix, for respondent.

Evans, Kitchel & Jenckes by John O. Theobald, II, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix, for respondent carrier.

CASE, Judge.

Petitioner questions the lawfulness of an award of the Industrial Commission which denied reopening of his claim.

On 29 July 1968 petitioner suffered an industrial injury. On 9 July 1969 the Commission issued its Findings and Award for Temporary Disability which was not protested. On 24 July 1970 petitioner filed a petition to reopen stating that Leo H. Verhelst, D.O., advised petitioner that he had a psychosis caused by his industrial injury.

At the hearing on the petition to reopen, petitioner testified that he had at least four previous work-related injuries which caused him to be absent from work. After each injury, he returned to work. The testimony also indicated he had a predisposition to mental illness. After the 29 July 1968 injury, petitioner was only able to work intermittently and has not worked since November, 1968.

Dr. Antwerp, a psychiatrist, was the only medical witness at the hearing. The following colloquy occurred between Dr. Antwerp and the hearing officer:

"Q. Doctor, I believe you testified—I believe you called them two separate diagnosable mental illnesses. One is a depressive reaction with anxiety and one a conversion reaction which you presently find presently in the applicant, is that correct?

A. Yes.

Q. Now let me ask you: Based upon a reasonable medical probability, do you find that either of these diagnosable mental illnesses that you have found were caused, precipitated, triggered, contributed to or otherwise initiated by the industrial injury of July 29, 1968?

A. To all of these I would answer no, with the exception of contributed to. If you consider an incident which provides a reason or a focus for—as I mentioned, other anxieties, fears, apprehensions, to focus upon, and provided a vehicle for these to express themselves; if you consider these contributing in that narrow area, yes.

Q. You are saying that the only contribution that you see is that the accident provided a point of focus for the applicant?

A. That is correct.

Q. And can you say that it did in this incident provide a point of focus?

A. Yes. My feeling is that it provided a central situation around which all of his prior and pre-existing problems took refuge."

We believe that the doctor's testimony, though not establishing medical causation, falls within the purview of our cases establishing legal causation. Schreven v. Industrial Commission, 96 Ariz. 143, 393 P.2d 150 (1964); Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963); Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960); Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960).

Accordingly, we find the Commission's award unsupported by substantial evidence. The award is set aside.

STEVENS, P. J., and DONOFRIO, J., concur.