507 P.2d 128

Reginald R. WHITLOCK, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Kingman Silver Mines, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 721.

Court of Appeals of Arizona,
Division 1,
Department B.

March 13, 1973.

Davis & Eppstein, by Robert W. Epp-
stein, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel,
The Industrial Commission of Arizona,
Phoenix, Robert K. Park, Chief Counsel,
State Compensation Fund, Phoenix, by
George B. Morse, Tucson, for respondents
Employer and Carrier.

EUBANK, Presiding Judge.

This matter is before us by our writ of
certiorari to review the lawfulness of an
award of The Industrial Commission hold-
ing that the petitioner, who sustained a
20% general physical functional disability
as a result of his industrial accident on

March 29, 1969, had not suffered a reduction in his earning capacity.

The question on review is whether the evidence will support the award of *no* reduction in earning capacity.

The facts are that the petitioner was employed as the manager of the Kingman Silver Mines located in Mohave County. On March 29, 1969, at approximately 9:30 A. M. he was operating a dump truck; when the bank supporting the truck caved in, causing it to fall some 70 feet resulting in internal injuries and serious injury to the petitioner's back. The internal injuries were completely cured by the time of the hearing but the fractures of the eleventh and twelfth dorsal vertebrae, and the first lumbar vertebra, although healed, resulted in an estimated 20% residual impairment of function of a general nature. About a month after the accident, the petitioner returned to work and continued to work in the same capacity, at the same salary as before the accident, until he resigned effective December 31, 1970. His resignation came as a result of the sale of the mine and did not result from his disability. He applied for unemployment compensation in February 1970 and was still receiving it at the time of the hearing on January 18, 1971.

Petitioner was the only witness to testify at the earning capacity hearing. He testified to filing a large number of applications with mining companies for employment in a comparable position to that which he had held at Kingman Silver Mines and that two jobs had been denied him when he had been required to have an X-ray of his back. He also testified that at the time of the hearing he had several employment prospects. The Hearing Officer found that the petitioner had not carried his burden of proof of loss of earning capacity and awarded "no permanent disability compensation benefits".

Our review of the record requires that we affirm the award of the Hearing Officer and Commission.

Petitioner contends that he has carried his burden of proof and brought forth positive evidence of loss of earning capacity in that there were "two separate jobs that could not be obtained *because of physical condition*", a 20-year work history with only short periods of unemployment leading to his managerial position; the 20% disability rating, and his numerous unsuccessful applications for work over a long period of time.

In Corr v. Industrial Commission, 16 Ariz.App. 12, 490 P.2d 841 (1971), we summarized the law with regard to the review of Commission awards as requiring that the petitioner affirmatively show that he is entitled to compensation; that the evidence adduced at the hearing be considered in a light most favorable to sustaining the award; that conflicts in the evidence or inferences drawn therefrom, resolved or drawn by the Commission, not be disturbed unless wholly unreasonable; and finally, that the award not be set aside unless there is no reasonable basis in the evidence to support it.

In addition to the requirements of Corr, we have the law in Holbrook v. Industrial Commission, 17 Ariz.App. 51, 495 P.2d 491 (1972), which permits the Commission to reject evidence when the intrinsic character of the evidence or the extrinsic circumstances of the case cast doubt on petitioner's testimony. This of course relates to the weight to be attached to evidence by the finder of fact—whether to believe the evidence or not.

Our review of the record *sub judice* presents a very weak and thin case on the issue of loss of earning capacity. We cannot say that the record requires the conclusion that petitioner's 20% disability is the reason for his unemployment, indeed the state of the record would require the Commission to speculate on the reason for the petitioner's unemployment. The record shows that the petitioner earned as much after the accident as before it and such post earnings raise a presumption of an

earning capacity at least commensurate with petitioner's prior capacity. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967); McDaniel v. Industrial Commission, 8 Ariz.App. 303, 445 P.2d 860 (1968).

▮ Petitioner is also critical of the finding that any loss of employment was due to prevailing economic conditions, and yet in our opinion it is a reasonable inference to be drawn from petitioner's testimony.

The award is affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.