529 P.2d 1210

Joseph D. PRICE, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Associated Grocers, Respondent Employer,

Employers Mutual Liability Insurance Com-
pany of Wisconsin, Respondent Carrier.

No. I CA–IC 967.

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 7, 1975.
Rehearing Denied Feb. 18, 1975.
Review Denied March 25, 1975.

Machmer, Schlosser & Meitz, Ltd., by
Ronald M. Meitz, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel,
The Industrial Commission of Ariz., Phoe-
nix, for respondent.

Shimmel, Hill, Bishop & Gruender, P.C.,
by J. Russell Skelton, Phoenix, for respon-
dent employer and respondent carrier.

OPINION

FROEB, Acting Presiding Judge.

This matter is before us by writ of cer-
tiorari to review the lawfulness of a deci-
sion upon hearing and findings and award
granting petitioner temporary disability
compensation but denying him compensa-
tion for any permanent disability.

On January 13, 1972, the petitioner suf-
fered an injury arising out of and in the
course of his employment. The injury oc-
curred when a wire basket, loaded with
eggs and biscuits, fell on petitioner and
knocked him to the ground. As a result of
the accident, he sustained a lower back

strain superimposed upon a preexisting spondylolisthesis which had been revealed at the time preemployment x-rays were taken. Medical testimony established that the spondylolisthesis condition was aggravated at least temporarily as a result of the accident.

Temporary compensation was paid by respondent insurance carrier until terminated on May 15, 1972. Petitioner filed a request for hearing and pursuant thereto hearings were held in October and November, 1972. The findings and award of the hearing officer were affirmed by the Industrial Commission, whereafter petitioner sought review by this writ of certiorari.

The sole question before this court is whether the findings and award of the Industrial Commission are supported by the evidence. We find that they are.

The specific finding objected to by petitioner which he contends is unsupported by the evidence is the following:

"5. Medical evidence, consisting of various reports and the testimony of Dr. Eugene J. Ryan, a specialist in occupational medicine, Dr. Nathan Groce, also a specialist in occupational medicine, and Dr. Stanford F. Hartman, an orthopedic surgeon, is essentially uncontroverted and establishes the following facts: that the applicant at the time of his aforesaid industrial injury had a preexisting condition, termed spondylolisthesis at L4–S1; that the aforesaid industrial injury, diagnosed as a low back strain superimposed upon congenital anomalies, caused a temporary aggravation of the applicant's preexisting condition; that by May 15, 1972 the effects of the strain and aggravation had ceased; and that the applicant's complaints of pain and discomfort and his physical impairment after that date were due entirely to the aforesaid preexisting spondylolisthesis."

The petitioner argues that the industrial injury is the legal cause of the back condition which prior to the injury was asymptomatic and subsequent thereto became symptomatic, and therefore the finding of no permanent disability must be set aside. He relies upon two Arizona court decisions to support his position.

The first case relied upon, Schreven v. Industrial Commission, 96 Ariz. 143, 393 P.2d 150 (1964), is distinguishable and therefore not persuasive in the instant case. While the facts in *Schreven* are similar to those of the present case in that the claimant had a preexisting, asymptomatic back condition, received an industrial injury, and thereafter suffered pain from that preexisting condition, the medical testimony presented in the two cases differs substantially. In *Schreven,* the only medical witness to testify was Dr. Snyder. He testified that the injury "triggered" petitioner's present disability, which was described as back pain. The court concluded from the evidence that the injury did not medically cause the spinal condition but that it did bring on the symptoms earlier than would have been anticipated. Therefore, legally the injury was the proximate cause of the disability. No comparable medical testimony was presented here. To the contrary, all the medical evidence was to the effect that after May 15, 1972, there was no continuing problem which was a result of the injury sustained in January (testimony of Eugene J. Ryan, M.D.); that by mid-May the effects of the aggravation of the back condition had cleared (testimony of Stanford F. Hartman, M.D.); that while the possibility existed that the injury had created the continuing symptomatology, it was not a probability (testimony of Nathan W. Groce, M.D.).

The petitioner had the burden of showing that the claimed permanent disability was in fact caused or "triggered" or contributed to by the industrial injury and was not merely a result of the natural progression of the preexisting disease. Wheeler v. Industrial Commission, 94 Ariz. 199, 382 P.2d 675 (1963); Collins v. Industrial Commission, 3 Ariz.App. 107, 412 P.2d 282 (1966). The petitioner failed to meet that burden with the medical testimony presented in this case.

The second case relied upon by petitioner, Mengel v. Industrial Commission, 18 Ariz.App. 541, 504 P.2d 72 (1972), while containing language which may seemingly support petitioner's position, likewise may be distinguished from the case at bar. In *Mengel,* the issue before the court again was whether the claimant's post-injury condition was due to the natural progression of his preexisting disease or whether it was a result of that disease *as aggravated.*

The claimant's physician in *Mengel* testified that the ankylosis, a stiffening of the spine which had the effect of reducing the pain resulting from the disease of spondylitis, would be disturbed by any trauma to the back and that it was not a mere possibility, but a probability, that more pain would be caused as a result of the trauma. The court found from a review of the medical record that:

" . . . the petitioner has met his burden in showing that the industrial injury has aggravated a preexisting condition and .there is nothing in the record to indicate the condition would have been where it was if not for the aggravation. The petitioner need not show continuing aggravation. The facts convincingly show that petitioner was able to work prior to the accident even though he was suffering from a preexisting disease and that he is now unable to work." 18 Ariz.App. 541, 544, 504 P.2d 72, 75.

Clearly the court based its holding upon a review of the medical testimony which was presented and concluded that a causal connection did exist between the injury and the pain which the preexisting condition subsequently caused him.

■ To resolve the present case we, too, must examine the medical testimony contained in the record. Our review reveals no medical testimony which would establish to a reasonable medical certainty or probability that the injury was a precipitating, contributing or causal factor in bringing about the pain of which petitioner complained at the time of the Industrial Commission hearing. To the contrary, all medical evidence refuted such a connection.

Dr. Ryan, a specialist in occupational medicine, who treated petitioner, testified that it was his opinion that there was no continuing problem as a result of the injury and that the preexisting condition had been aggravated only temporarily.

Dr. Groce, an associate of Dr. Ryan, who also examined petitioner and who took the preemployment x-rays which showed the preexisting spondylolisthesis, stated that it was no more than a possibility that the industrial injury created the continuing symptomatology.

Dr. Hartman, the orthopedic surgeon who examined and treated petitioner on a number of occasions, testified that it was his feeling that "the aggravation had cleared."

The group consultation report made by Drs. Ryan, Fee and Van De Wyngaerde recommended vocational retraining " . . . because of the preexisting congenital condition and not because of the injury of January 13, 1972." Clearly all medical testimony rejected causal connection.

Petitioner argues, however, that *Mengel* shifted the burden of proof to the respondent to prove that the injury was not causally related to the subsequent symptomatology and therefore his failure to present medical testimony establishing the connection was not fatal to his claim. He relies on the following language:

" . . . there is nothing in the record to indicate the condition would have been where it was if not for the aggravation. The petitioner need not show continuing aggravation." 18 Ariz.App. 541, 544, 504 P.2d 75.

This statement was a mere observation about the evidentiary content of the record; it was not a comment on the burden of proof. The burden at all times remains upon the claimant to establish the elements of his claim. The element lacking here, but present in *Mengel,* is that of causal

**4**

connection between the injury and the subsequent symptomatology.

In *Mengel,* a presumption of causal connection was logically drawn from the fact that no other events were shown to have intervened between the time of injury and subsequent permanent disability, and the fact that a trauma of the very type which occurred was established by medical testimony to be likely to cause the preexisting condition to worsen.

In this case, however, evidence of intervening events or circumstances was presented. There was evidence that petitioner was suffering from falling arches which, according to Dr. Ryan, could have been the source of calf, knee, or back pain; that petitioner stated at various times to his physicians and to the Safety Director of the employer that he was improving; that he attempted some heavy lifting on different occasions and pain occurred as a result thereof; that he was involved in a rear-end accident in the summer of 1972 which resulted in some injury to his neck. While none of these events were established to have been ones which triggered petitioner's condition, in view of the testimony of Drs. Ryan and Hartman that any incident even so minor as lying in bed improperly or getting into a car could precipitate or trigger the symptomatology of the spondylolisthesis, we cannot say that the precipitating circumstance was in fact the industrial injury. An award cannot be based on mere possibilities. If there are two or more possible causes for a disability and the medical testimony adduced to establish a causal connection is presented in terms of mere possibilities, then the claimant has not met his burden of proof. Employers Mutual Liability Insurance Co. of Wisconsin v. Industrial Commission, 17 Ariz.App. 516, 498 P.2d 590 (1972).

In *Mengel* the causal connection was established by medical testimony and logical conclusion; in the present case medical testimony established that no such causal connection existed, and that other factors were introduced between the time of injury and date of hearing so that no logical conclusion necessarily follows that there was a causal connection.

 The Arizona Supreme Court has held that an appellate court will affirm an award of the Industrial Commission when there is substantial evidence to support the Commission's decision. Caganich v. Industrial Commission, 108 Ariz. 580, 503 P. 2d 801 (1972). We find substantial evidence to support the award made in this case.

The award of the Industrial Commission is affirmed.

DONOFRIO and NELSON, JJ., concur.